UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAURIE KHMAISSI, <br><br> Plaintiff, <br><br> v. <br><br> NAVIENT SOLUTIONS, LLC, f/k/a NAVIENT SOLUTIONS, INC., <br><br> Defendant. | CASE NO. C16-5994 BHS <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Navient Solutions, LLC's ("Navient"), motion for summary judgment. Dkt. 59. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On November 2, 2016, Plaintiff Laurie Khmaissi ("Khmaissi") filed a complaint in Clark County District Court for the State of Washington. Dkt. 1-1. On December 2, 2016, Navient removed the matter to this Court. Dkt. 1. On February 13, 2017, Khmaissi filed an amended complaint. Dkt. 8. Khmaissi asserts claims for violations of

the Fair Debt Collection Practices Act ("FDCPA"), violations of the Fair Credit Reporting Act ("FCRA"), and defamation of character. *Id*.

On June 20, 2018, Navient filed a motion for summary judgment. Dkt. 59. On July 12, 2018, Khmaissi filed a motion for extension of time to respond. Dkt. 62. On August 21, 2018, the Court granted Khmaissi's motion and renoted Navient's motion for consideration on the Court's August 28, 2018 calendar. Dkt. 67. On August 24, 2018, Khmaissi responded. Dkt. 68. On August 28, 2018, Navient replied. Dkt. 69.

## II. FACTUAL BACKGROUND[1]

On August 3, 2003, Khmaissi and her former spouse, non-party Thomas Stovall, as husband and wife, applied for and obtained a spousal consolidation student loan ("Loan"), which consolidated multiple federal student loans that Khmaissi and Mr. Stovall had previously obtained. Dkt. 61, Declaration of James M. Austin ("Austin Dec."), Exh. A. On the application, Khmaissi is listed as the borrower and Mr. Stovall is listed as the spouse. *Id.* Navient originally serviced the Loan, and the Loan is guaranteed by the Pennsylvania Higher Education Assistance Agency ("PHEAA"). *Id.* ¶¶ 6, 7.

In August 2006, the Loan defaulted to the PHEAA because Khmaissi filed for Chapter 13 Bankruptcy. The Loan was not actively serviced during the pendency of the bankruptcy. *Id.* ¶ 9. Once Khmaissi was discharged from bankruptcy, she resumed making payments on the Loan from 2010 to 2014. *Id.* ¶ 10. Navient serviced the Loan during this time period. *Id.* On May 8, 2014, Khmaissi defaulted on the Loan. *Id.* ¶ 11.

---

[1] Khmaissi failed to submit any evidence in support of her response. The Court therefore relies on Navient's evidence to detail the facts.

On May 15, 2014, the Loan reverted to PHEAA and was subsequently rehabilitated and brought to current status by PHEAA and Khmaissi. *Id.* ¶ 12. In February 2015, after the loan was brought current, Navient began servicing the Loan again. *Id.* ¶ 13. To date, Navient continues to service the Loan. *Id.*

Regarding consumer disputes, Navient receives notices of these disputes from credit reporting agencies ("CRA's") via eOscar, which is a web-based platform for CRA's to exchange information regarding any Automated Credit Dispute Verification ("ACDV"). *Id.* ¶ 14. Between November 2014 and November 2016, Navient received three different ACDV's from CRA's in connection with the Loan. *Id.* ¶ 19. In January 2016, Navient received an ACDV from Equifax with a complaint from Khmaissi that she was no longer responsible for the loan since her divorce in April 2013. *Id.* Exh. D. Khmaissi alleged that Mr. Stovall was responsible for the remainder of the loan pursuant to an agreement they entered into during their divorce proceedings. Dkt. 8. Upon receiving the ACDV, Navient conducted an investigation of the dispute by reviewing its own internal records to verify Khmaissi's identity, and whether the consumer and account information Navient previously furnished was accurate. Austin Dec., ¶ 21. After its review, Navient determined that the identity and account information previously furnished and contained within the ACDV was accurate. *Id.* ¶ 22.

As to Khmaissi's remark in the ACDV about her no longer being liable for the Loan since her divorce, Navient reviewed its records and determined that it was not in receipt of any documentation discharging or otherwise releasing Khmaissi from her liability for the Loan, and that Khmaissi remained jointly responsible under the Loan with

Mr. Stovall. *Id.* ¶ 23. On January 14, 2016, Navient electronically reported the findings of this investigation to Equifax. *Id.*

Navient received a different ACDV from TransUnion in January 2016. *Id.* ¶ 25. In this complaint, Khmaissi also disputed her liability for the Loan. *Id.* Exh. E. Navient conducted an investigation of the dispute by reviewing its own internal records to verify Khmaissi's identity, and whether the consumer and account information Navient previously furnished was accurate. *Id.* ¶ 26. After its review, Navient again determined that the identity and account information previously furnished and contained within the ACDV was accurate. *Id.* ¶ 28.

On August 24, 2016, Navient received another ACDV from TransUnion. *Id.* ¶ 29. In this complaint, Khmaissi again disputed her liability for the Loan. *Id.* Exh. F. Navient conducted an investigation of the dispute by reviewing its own internal records to verify Khmaissi's identity, and whether the consumer and account information Navient previously furnished was accurate. *Id.* ¶ 30. After its review, Navient once again determined that the identity and account information previously furnished and contained within the ACDV was accurate. *Id.* ¶ 32.

On September 13, 2016, Khmaissi sent two letter to Navient. In the letters, Khmaissi disputed Navient's assertions that Khmaissi had made late payments on the Loan. *Id.* Exh. G. On October 14, 2016, Navient responded that the information it provided regarding the Loan to the CRA's was valid. *Id.* Exh. H.

### III. DISCUSSION

Navient moves for summary judgment on all of Khmaissi's claims. Dkt. 59.

**A. Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The

nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     FDCPA**

The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). The FDCPA expressly excludes from this definition "any person collecting or attempting to collect any debt . . . to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." *Id.* § 1692a(6)(F)(iii). "[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Dicion v. Mann Mortgage, LLC*, 718 Fed. Appx. 476, 479 (9th Cir. 2017). Indeed, numerous courts have held that Navient, as a student loan servicer, is not a debt collector as defined by the FDCPA. *See, e.g.*, *Valletta v. Navient Corp.*, CV-16-01934-PHX-DGC, 2017 WL 1437563, at *3 (D. Ariz. Apr. 24, 2017) ("Navient is not a 'debt collector' under the FDCPA . . . because it became the loan servicer (first as Sallie Mae before it changed its name) while plaintiff's loan w[as] not in default.") (quoting *Spyer v. Navient Sols., Inc.*, 15-3814-NLH-JS, 2016 WL 1046789, at *3 (D.N.J. Mar. 15, 2016)).

In this case, Navient argues that Khmaissi's FDCPA claims fail because Navient is not a debt collector as defined by the FDCPA. Dkt. 59 at 15–17. Khmaissi counters with an unsupported argument that Navient's agents are debt collectors within the meaning of the FDCPA. Dkt. 68 at 1–2. The Court agrees with Navient that Khmaissi's "brief is wholly bereft of any legal argument bearing on the issues currently before the Court, and fails to satisfy her burden of setting forth facts showing that a genuine dispute remains." Dkt. 69 at 7. Moreover, "[a]rgument without evidence is hollow rhetoric that cannot defeat summary judgment." *Teamsters Local Union No. 117 v. Washington Dep't of Corr.*, 789 F.3d 979, 994 (9th Cir. 2015). Therefore, the Court grants Navient's motion on Khmaissi's FDCPA claims.

**C.     FCRA**

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). As an important means to this end, the FCRA sought to make "consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). In addition, to ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to CRA's. Section 1681s–2 sets forth "[r]esponsibilities of furnishers of information to consumer reporting agencies," delineating two categories of responsibilities. Subsection (a) details the duty

"to provide accurate information," and subsection (b) delineates duties upon notice of a dispute.

In this case, it appears that Khmaissi asserts claims under both subsections. Navient argues that Khmaissi's claims under subsection (a) should be dismissed as a matter of law because Khmaissi does not have a private right of action to bring such claims. Dkt. 59 at 18–19. The Court agrees because "[d]uties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (citing 15 U.S.C. § 1681s–2(d)). Therefore, the Court grants Navient's motion on Khmaissi's 15 U.S.C. § 1681s–2(a) claims.

Regarding Khmaissi's subsection (b) claims, Navient argues that these claims fail because Navient's responses to Khmaissi's disputes were "timely, reasonable, and accurate" and Khmaissi has failed to submit any fact to show otherwise. Dkt. 59 at 19. The Court agrees that Khmaissi fails to submit evidence to create any material question of fact on this issue. Although Khmaissi alleges that Navient had a duty to investigate the alternative payment agreement she reached with Mr. Stovall during their divorce proceedings, Khmaissi provides no authority for this position. In fact, the documents in Navient's possession indicate that Khmaissi was the borrower responsible for repayment. Austin Dec., Ex. A. Therefore, the Court grants Navient's motion on Khmaissi's 15 U.S.C. § 1681s–2(b) claims.

### D. Other Claims

In her complaint, Khmaissi alleges that Navient is liable for defamation of character. Dkt. 8 at 1. Navient moved for summary judgment on this claim because the claim is preempted by the FCRA and Khmaissi otherwise fails to submit facts to support every element of her claim. Dkt. 59 at 23–26. The Court agrees on both issues, and Khmaissi fails to respond. Therefore, the Court grants Navient's motion on Khmaissi's defamation claim.

In her response, Khmaissi asserts a number of claims that go beyond the scope of her complaint. For example, she claims that Navient violated § 12 CFR 1022.42. Dkt. 68 at 2. Navient argues, and the Court agrees, that this claim should be dismissed because it does not appear anywhere in her amended complaint. *Perez v. Vitas Healthcare Corp.*, No. 17-55517, 2018 WL 3120212, at *1 (9th Cir. June 26, 2018) (The district court did not err by refusing to address a claim that "was advanced for the first time in opposition to summary judgment"). Moreover, the claim also fails because Khmaissi has failed to show that she has a private right of action to enforce violations of this federal regulation.

Khmaissi also asserts that Navient has failed to show that it timely responded to and reasonably investigated every ACDV. Dkt. 68 at 3–4. Contrary to Khmaissi's assertion, the only evidence in the record establishes that Navient completed a timely and reasonable investigation of every dispute to confirm Khmaissi's identity and the status of the Loan. *See* Austin Dec. Therefore, the Court denies any claim based on these unsupported and speculative assertions.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Navient's motion for summary judgment, Dkt. 59, is **GRANTED**.  The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 4th day of October, 2018.

BENJAMIN H. SETTLE
United States District Judge